CHRISTOPHER TIERNAN, PLAINTIFF IN ERROR, V. DORAN & HOLMES, DEFENDANTS IN ERROR.

Partnership: ACTION FOR SERVICES.   When a firm or partnership is engaged in business, and services are rendered by them for another upon request, although outside of their regular business, by which such other is benefited and the firm is damaged, such firm can recover the amount due them by action in their partnership name.

ERROR to the district court for Lancaster county.    Tried below before POUND, J.

*James E. Philpott*, for plaintiff in error.

*Caldwell & Christy*, for defendants in error.

REESE, J.

Defendants in error instituted this action, claiming the sum of eight dollars as due them upon the following causes of action, viz.: Four dollars for herding and feeding two head of cattle from the 15th of September, 1882, until the 15th of November following, and four dollars for time expended in hunting for said cattle, they having been taken out of their herd by plaintiff in error without their knowledge, and they believing they had escaped from the herd and strayed away.    The verdict of the jury in the district court was for the sum of four dollars.    The action was brought in the name of Doran & Holmes, as plaintiffs. The first question presented is, that Doran & Holmes was a partnership engaged in the dairy business, but not in the business of herding cattle, and that the services were not rendered by the firm *as* such firm.    The testimony shows that they were engaged in the dairy business as claimed by plaintiff in error and were not engaged in herding cattle. It is also shown that the herd in which the cattle were kept, as well as the pasturage and feed, belonged to the firm.    It would therefore follow that the compensation would go to the firm.    But no question of this kind is raised by the pleadings.    The answer "admits that plaintiff kept two calves in his herd for about the period of forty-five days, that the service of keeping and pasturing the same were reasonably worth the sum of two dollars," and pleads payment of that sum to the agent of defendants in error.    The testimony as to the value of the service as rendered was conflicting.

The jury could, and perhaps did, find that the pasturage and feed alone were worth the amount named in the verdict.

The bill of exceptions in this case consists of the testimony of eight witnesses, besides the parties to the suit, and is contained in twenty-three pages of the record. It is to be presumed, although not shown by the record, that about the same number of witnesses were examined on the trial before the justice of the peace. Yet we find a judgment against plaintiff in error for $214.48 costs. It is deemed proper to call the attention of counsel to this very extraordinary judgment, with the suggestion that it *appears* to be entirely beyond reason, and that the matter should be investigated in the district court.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.